**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES W. MENEFIELD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al,<br><br>　　　　　Defendants. | Case No. 2:23-cv-03812-PA (E)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Third Amended Complaint, all the records herein, and the attached Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

　　　The Report recommends dismissal of this action after finding that Plaintiff, despite multiple attempts, has failed to state a claim for which relief may be granted regarding Defendants' allegedly inadequate response to the COVID-19 pandemic in the prison where Plaintiff is incarcerated. For the following reasons, Plaintiff's Objections to the Report do not warrant a change to the Report's findings or recommendation.

Plaintiff objects that, as to his Eighth Amendment claim, Defendants were deliberately indifferent for failing to follow a court-appointed Receiver's recommendation to transfer high-risk inmates to "closed-front-cell housing." (ECF No. 19 at 4-5.) But as Plaintiff acknowledges (*id*. at 7), the Receiver's recommendation was not binding on prison administrators. *See Plata v. Newsom*, 2022 WL 1210694, at *3 (9th Cir. Apr. 25, 2022) ("[T]he Receiver's authority extends to the prisoner's health care system, not overall prison administration.").

Moreover, as the Report found, it is undisputed that Defendants took several measures to mitigate the risks of the pandemic. The measures included distancing bunk bed pods from each other, social distancing, wearing masks and personal protective equipment, screening, testing, contact tracing, quarantining, and curtailing many activities. (ECF No. 16 at 6.) Given the numerous measures that Plaintiff admits were taken, his objection that Defendants failed to transfer him to a closed or single cell does not state a claim of deliberate indifference under the Eighth Amendment. *See Polanco v. Diaz*, __F.4th__, 2023 WL 5008202, at *7 (9th Cir. 2023) (noting that measures actually taken to mitigate the risks of COVID-19 in prison could show that defendants had not intended to expose prison employees to an unreasonable risk) (citing *Patel v. Kent School Dist.*, 648 F.3d 965, 976 (9th Cir. 2011) (holding that a teacher's "lapse in judgment" did not rise to the level of deliberate indifference because she was "fairly active" in attempting to protect the plaintiff)); *Chunn v. Edge*, 465 F. Supp. 3d 168, 204 (E.D. N.Y. 2020) (holding that an inmate could not show deliberate indifference simply from prison officials' failure to implement perfectly "complex guidelines during a novel crisis" and noting that isolating prisoners "requires complex implementation").

Plaintiff further objects that, as to his equal protection claim, he was similarly situated to other inmates who were entitled to transfer within the prison due to their vulnerability to COVID-19. (ECF No. 19 at 10.) Specifically, Plaintiff asserts that his "risk score of 3," combined with the fact that he was housed in an "open dorm

setting or open bar cell," entitled him to the same treatment received by inmates who were eligible for transfer. (*Id.*) These assertions fail to call into question the Report's finding that there was nothing irrational about give more protective treatment to inmates with a risk score of 10 or above in deciding inmate transfers. (ECF No. 16 at 17.) Plaintiff has failed to identify any individual or group situated similarly to himself for equal protection purposes but, instead, has revealed only how different he is from the inmates who are more medically vulnerable. Thus, he has failed to state an equal protection claim. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir.2005) ("[D]ifferent treatment of unlike groups does not support an equal protection claim."); *Sanders v. Macauley*, 2022 WL 16729580, at *4 (6th Cir. 2022) ("Because it is rational to treat prisoners who may have been exposed to COVID-19 differently than those who have not, the district court correctly determined that the complaint failed to state an equal protection claim.").

  IT IS ORDERED that Judgment shall be entered dismissing the Third Amended Complaint and the action without leave to amend and with prejudice.

  IT IS FURTHER ORDERED that the Clerk serve forthwith a copy of this Order and the Judgment of this date on Plaintiff and on counsel for Defendants.

DATED: August 29, 2023

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE